Mrs. Lucinda Pendarvis v. Iverson J. Wall.

At a sale of succession property, a creditor of the succession cannot tender, in payment of the price of property adjudicated to him, the claims which he may have against the succession.

APPEAL from the District Court of the Parish of Livingston, *Beale*, J.
*G. W. Watterson* and *H. Duncan*, for plaintiff and appellant. *C. J. Brad-ley*, for defendant.

Cole, J. This is an action brought by plaintiff against the administrator of *Samuel Patterson's* estate and the Sheriff of the parish of Livingston, to injoin them from selling certain property, consisting of a parcel of land and slaves, on the ground that she is the owner of the same under a former adjudication.

After the usual formalities, the administrator obtained an order directing the Sheriff of Livingston to sell certain property of the succession for cash. On the day of sale, the plaintiff was the last and highest bidder for the said land and slaves, and on the same day she tendered to the Sheriff and to the administrator claims against the estate to the amount of eleven hundred and fifty dollars, in part payment of the purchase price of said land and negroes, reserving to herself the right to retain in her hands the balance, one hundred and fifty dollars, until a full and final settlement of the estate of said *Patterson*, her deceased husband, and until her rights were adjudicated upon.

Her claims consisted of three items.

1. One thousand dollars under the homestead law.

2. One hundred dollars, the amount of a donation in cash made to her child, *Samuel*, by one *McLaughlin*, and received by *Patterson* in his lifetime for the use and benefit of said child.

3. Fifty dollars, being the expenses caused by the funeral of *Patterson*.

The Sheriff and administrator refused to receive these claims in payment as cash, and to allow her to retain any part of the price as a creditor of the estate. The Sheriff proceeded to advertise, on a twelve months credit, the property which had been adjudicated to plaintiff, and was about to sell the same, when his further action was arrested by an injunction.

Upon the trial, the District Judge considered the grounds for this injunction insufficient, and dissolved it.

Plaintiff has appealed.

It appears to us immaterial, whether the sale was one to pay debts of the succession, or for any other purpose, so far as the tender of these claims is concerned. Plaintiff had never been recognised as a creditor of the estate, and her rights and those of her children, under the homestead law, had never been adjudicated upon. Even if she had been recognised as a creditor, we are unaware of any law which permits a mere creditor, and not an heir, to retain any portion of the price at a cash sale, to satisfy the claims such creditor may hold against the estate. If, in this case, as was probably the fact, the administrator was proceeding to sell the property, under an order which was given, for the purpose of procuring funds to pay the debts of the estate, plaintiff, even if she had been an heir, could not have tendered these claims in payment, but would have been obliged to pay cash for her purchases. If creditors of an estate had the right of tendering their claims in payment, in a sale like the present, it would be almost impossible to settle an

57

PENDARVIS
v.
WALL.

estate without the greatest delay and cost. The administrator would be obliged, on the day of sale, to determine upon the validity of every claim, where the claims had not been previously presented, and often sales would be obliged to be deferred to enable the administrator to obtain information as to the rights of the creditors.

It is also insisted, that the Sheriff should have tendered plaintiff a title and made a demand upon her for the price of the adjudication.

Such demand and tender were, under the circumstances of this case, unnecessary. The plaintiff did not wait for the Sheriff to demand of her the price, but she herself tendered payment, but not as the law directed. She offered claims that could not be received, and proffered to accept the property on impossible conditions.

After the refusal of the Sheriff to accept her tender of payment in the claims, she did not offer to pay him in cash.

As she herself offered to pay, but only in a certain way, and as the Sheriff refused to take any thing but cash, which she declined giving, it would have been useless in him to have made an express demand upon her. The only effect of the demand on his part would have been, if she had not paid, to have put her in default, and to have authorized him to have proceeded with the sale. When, however, she herself offers to pay, there then is no necessity for a demand, for she then proposes to do voluntarily what is the object of the demand. Her offer showed that she was willing to pay the adjudication in one way and in no other, and an express demand of her of payment, after this, would have been without effect; for she had already shown that she would not pay cash, by declining to offer it when the Sheriff refused to accept anything but cash. Neither was the Sheriff obliged, under the circumstances of this case, to wait any particular time, to see if she would comply with the terms of the sale, for it would have been useless after her refusal upon the day of sale to pay cash.

Judgment affirmed, with costs of appeal.